Malone v. New York Pressman's Union Number 2

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
          JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
JEROME WATSON, SAMMY NG, ERIC BROOKINGTON, ROBERT ABREU, MARCO GONZALEZ,
          <u>Plaintiffs</u>,

WILLIE MALONE, DESIREE WILSON, EVA LEE, OLIVIA WILSON, SHERRE WILSON, ANGEL HERNANDEZ, NYTRICHA SMITH, DANIEL PAULINO,
          <u>Plaintiffs-Appellants</u>,

          -v.-                                    11-2599

NEW YORK PRESSMAN'S UNION NUMBER 2, NYP HOLDINGS INC.,
          <u>Defendants-Appellees</u>.

1

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**                    Roosevelt T. Seymour, Brooklyn, New York.

**FOR APPELLEES:**                     Carl J. Levine, Daniel Engelstein, Levy Ratner, P.C., New York, New York (<u>Counsel for New York Pressman's Union Number 2</u>);

                                       Michael Starr, Katherine Healy Marques, Holland & Knight LLP, New York, New York (<u>Counsel for NYP Holdings Inc.</u>).

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs brought discrimination complaints against their employer, the <u>New York Post</u> ("<u>Post</u>"), and union, the New York Pressman's Union Number 2 (collectively, "Defendants"), alleging: disparate impact discrimination based on race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et</u> <u>seq.</u> ("Title VII"); intentional discrimination based on race and sex in violation of Title VII; and intentional discrimination based on race in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The United States District Court for the Southern District of New York (Swain, <u>J.</u>) dismissed the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "[W]e review the grant of a Rule 12(b)(6) motion to dismiss <u>de</u> <u>novo</u>, 'construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'" <u>Chase Grp. Alliance LLC v. City of New York Dep't of Fin.</u>, 620 F.3d 146, 150 (2d Cir. 2010) (quoting <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**[1]** *Disparate Impact Claim*. "The basis for a successful disparate impact claim involves a comparison between two groups--those affected and those unaffected by the facially neutral policy. This comparison must reveal that although neutral, the policy in question imposes a significantly adverse or disproportionate impact on a protected group of individuals." Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565, 575 (2d Cir. 2003). "[P]laintiffs must . . . utilize the appropriate comparison groups. They must first identify members of a protected group that are affected by the neutral policy and then identify similarly situated persons who are unaffected by the policy." Id. at 576-77.

In alleging that Defendants' agreement to transfer employees from the Daily News to the Post had a disparate impact, Plaintiffs compare the effects on women and minority employees with the effects on white male employees. These groups are not similarly situated: Women and minorities made up a smaller proportion of the Journeyman classification than they did of the Junior Pressman and Casual classifications. The effects of the transfer--in which transferees were placed at the bottom of the Journeyman shift priority list, giving them seniority over all Junior Pressmen and Casuals--are therefore a function of the pre-existing demographics of the workplace. Plaintiffs do not dispute that all Junior Pressmen and Casuals--regardless of race or gender--were impacted by the transfer equally.

Plaintiffs' argument that the transfer "locks in" the effects of alleged past discrimination does not amount to a disparate impact claim. See Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 656-57, superseded by statute on other grounds, 42 U.S.C. § 2000e-2(k); cf. United States v. Bethlehem Steel Corp., 446 F.2d 652 (2d Cir. 1971) (invalidating a seniority system as relief for admitted past discrimination).

**[2]** *Intentional Discrimination Claims.* Plaintiffs' allegations that Defendants acted with the intent to

3

discriminate "are no more than conclusions," and, as such, "are not entitled to the assumption of truth." See Iqbal, 129 S. Ct. at 1950. Plaintiffs' only relevant factual allegations are that Defendants transferred Journeymen to the Post and took other actions that made it more difficult for Casuals and Junior Pressmen to advance with "intent to discriminate." These are nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." See Iqbal, 129 S. Ct. at 1949. Therefore, Plaintiffs' intentional discrimination argument fails.

Finding no merit in Plaintiffs' remaining arguments, we hereby **AFFIRM** the judgment of the district court.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK